(No. 19010.—

THE MIDLAND TRAIL BUS LINE COMPANY, Appellant, *vs.* THE STAUNTON-LIVINGSTON MOTOR TRANSPORTATION COMPANY, Appellee.

*Opinion filed October 19, 1929—Rehearing denied Dec. 5, 1929.*

LEVI CLODFELTER, and STEVENS & HERNDON, (BENJAMIN S. DEBOICE, of counsel,) for appellant.

A. C. BALLINGER, and L. E. STONE, for appellee.

Mr. COMMISSIONER PARTLOW reported this opinion:

On May 24, 1927, appellant, the Midland Trail Bus Line Company, made application to the Illinois Commerce Commission for a certificate of convenience and necessity to operate a bus line over Route 12, from Lebanon to Sandoval, Illinois. The application named the Baltimore and Ohio Railroad Company, the Pioneer Transportation Company, and appellee, the Staunton-Livingston Motor Transportation Company, as operating transportation facilities in the territory. An order was entered November 7, 1927,

canceling a certificate issued to appellee on May 7, 1925, and granting a certificate to appellant as prayed. An appeal was prosecuted to the circuit court of St. Clair county, where the order was vacated and set aside, and an appeal has been prosecuted to this court.

The evidence shows that this line was first operated in September, 1921, by Earl S. Acker before the route was paved. He testified that in January, 1925, he first learned that he had to have a certificate of convenience and necessity from the Illinois Commerce Commission and that a corporation would have to be formed before he could apply for the same; that he had a conversation with William Falkenberg, who was the president and principal stockholder of appellee, in which Falkenberg told Acker that he might make application for the certificate in the name of appellee; that this plan would be quicker, would cost less money, and Acker could then operate under that certificate. Acker formed a partnership with his brothers-in-law, Herman and Walter Koch, and the three followed the suggestion of Falkenberg. They employed counsel and made application in the name of appellee for a certificate. Acker testified that he and his associates performed all the work in preparing their case, paid all of the expenses, and the only service performed by Falkenberg was that he testified as a witness before the commission. The certificate was issued to appellee on May 7, 1925, it was delivered to Acker, it has remained in his possession since that time and is now in his possession Acker and the Kochs began operating the line in the name of appellee under this certificate. Appellee at no time owned any of the busses, paid any of the expenses or received any of the profits. No report was made to appellee, and neither appellee nor Falkenberg had anything to do with the operation of the line. Appellee did not include this line in its report to the Commerce Commission in 1925, and later appellee stated that it was impossible to secure information relative to the operation of

this line, and the same statement was made in its 1926 report.

On February 5, 1925, the oral agreement between Falkenberg and Acker was reduced to writing. It recited that a franchise had been or was to be procured for the operation of the line in the name of appellee; that the franchise had been worked up by Acker, and that he was to have the privilege of operating the line for his own use and benefit forever; that he was to save Falkenberg harmless on account of any claims, damages or taxes on account of the operation; and that Falkenberg acknowledged the receipt of five dollars in full for all rights and privileges therein granted as full compensation therefor.

In May, 1926, Acker and the Kochs incorporated the Pioneer Transportation Company and made a demand upon Falkenberg and appellee to assign the certificate covering the line in question. The demand was refused, and on June 5, 1926, the Pioneer Transportation Company, Acker and the Kochs, filed a bill for relief and injunction in the circuit court of Madison county against appellant, appellee, Falkenberg, the Commerce Commission, and others. This bill set out in great detail all of the facts as above stated, and prayed that a decree be entered finding that appellee had no right, title or interest in the certificate issued to it on the line in question or in the present operation of that system except in trust for the Pioneer Transportation Company and Acker; that the Pioneer Transportation Company be decreed to be the owner of the right to operate said line, and that appellee be ordered to assign its certificate to the Pioneer Transportation Company and join in an application to the Commerce Commission for the approval of the same. The bill was later dismissed as to appellant and the Commerce Commission. Appellee answered the bill, and the suit is still pending and undetermined.

On May 24, 1927, appellant made the application now before this court to the Commerce Commission for a cer-

tificate of convenience and necessity over this line. On July 15, 1927, appellee moved to continue the application without date, alleging the pendency of the injunction suit in the circuit court of Madison county and claiming that the suit involved the entire subject matter of the right to operate this line. The motion was argued but the commission did not rule upon it, and on July 21, 1927, the evidence on behalf of appellant was heard by the commission. Appellee did not appear at this hearing and the cause was continued to September 7, 1927.

On August 24, 1927, the Pioneer Transportation Company filed its intervening petition with the Commerce Commission, in which it charged that appellee never operated a bus over the line in question; that the only operation had been by the Pioneer Transportation Company, Acker and the Kochs; that the intervenor was the equitable owner of the certificate issued on May 7, 1925, in the name of appellee; that the certificate had been procured in the name of appellee at the suggestion of Falkenberg, who was seeking to defraud Acker, the Kochs and the Pioneer Transportation Company out of the business they had developed; that due to the lack of finances with which to secure a new bus the Pioneer Transportation Company had rented busses from appellant, and arrangements had been made with appellant to co-operate with it in appellant's application for a certificate over the line, and appellant had agreed to employ Acker and the Kochs as bus-drivers. These facts were sustained by the evidence. Appellee was made a party to the intervening petition, and the prayer was that the certificate issued on May 7, 1925, to appellee be canceled and a new certificate be issued to appellant.

On September 7, 1927, appellee again insisted upon its motion to continue, stating that it had understood that appellant at the previous hearing would produce the witnesses it had arranged to have present at that time. It claimed that it did not have notice of the hearing on September 7

and was not prepared to submit evidence; that it had no objection to any further evidence appellant might offer but the case should then be continued until after the decision of the case pending in the circuit court. At the close of this hearing the case was continued for two weeks. On September 21, 1927, only one witness testified for appellee, the evidence was closed and the case taken under advisement by the Commerce Commission. There is no dispute but that motor bus service over this line will serve the public, that it is necessary, and that it should be established and maintained.

On November 7, 1927, the Commerce Commission rendered a lengthy decision in writing, finding the facts substantially as above recited. With reference to the motion of appellee to continue the hearing on account of the pending case in the circuit court of Madison county, the commission found that the circuit court had no jurisdiction to issue a certificate; that such authority was vested in the Commerce Commission, together with the responsibility of seeing that the people receive proper public utility service; that if it was necessary in the decision of the case to pass upon the equities between Acker and his company and Falkenberg and his company it would be right and proper for the commission to withhold its decision pending a final decree in the circuit court, but that it was unnecessary for the commission, in arriving at a conclusion, to base its judgment upon the alleged fraudulent practices of Falkenberg and his company. It held that the certificate of May 7, 1925, issued to appellee, was procured with the fraudulent purpose of enabling a stranger to procure a certificate in the name of a company which was not interested in the matter, and that this fraud was inspired by Falkenberg; that appellee never operated busses over the line but wrongfully permitted them to be operated by individuals who were strangers to the record, and that in its report to the Commerce Commission appellee stated that it oper-

ated but one line and did not have access to the records of the line in question. It was held that under section 29 of the Public Utilities act no certificate shall be assigned, transferred or leased unless approved by the Commerce Commission; that the operation of busses over this line by Acker and his associates under the contract between Falkenberg and Acker could not be recognized as an operation by appellee; that section 55 provides that unless a certificate is exercised within two years it shall be null and void; that the evidence shows that the certificate issued on May 7, 1925, to appellee has never been exercised by it and is therefore subject to be revoked. The conclusion was that the certificate of May 7, 1925, was null and void and should be revoked, and that a certificate should be issued to appellant as prayed in its petition.

There is nothing in the record to show the grounds upon which the circuit court of St. Clair county set aside the order of the Commerce Commission granting the certificate to appellant, but it is apparent that the order was based upon the fact that a suit was pending in the circuit court of Madison county involving substantially the same subject matter between substantially the same parties, and that the entire question was before that court for decision and was not before the Commerce Commission. In *People* v. *Peoria and Pekin Union Railway Co.* 273 Ill. 440, it was held that in the case of two courts of concurrent jurisdiction, the one which first obtains jurisdiction of the subject matter will retain it and no other court can render its judgment or decree nugatory by subsequently assuming jurisdiction; that the Public Utilities Commission is not a court but is an administrative commission charged with the performance of certain executive and administrative duties, and that its powers are subject to the action of the courts in matters of which they have jurisdiction. It was argued in that case that the circuit court had no jurisdiction; that when the Public Utilities act went into force the effect was

to abate pending suits, or at least to suspend them until the commission had passed upon those within its jurisdiction. This court held that the commission had no jurisdiction to adjudicate upon controverted rights of parties growing out of their contracts; that such rights were judicial questions, of which the commission had no jurisdiction, and the legislature had no power to confer such jurisdiction upon the commission or to take away or suspend the jurisdiction of the circuit court over such matters.

The bill was filed in the circuit court of Madison county before the application of appellant for a certificate was filed with the Commerce Commission, therefore the circuit court acquired jurisdiction before the Commerce Commission. The bill filed in the circuit court set up in great detail most of the facts above stated. It prayed that a decree be entered finding that appellee had no right, title or interest in the certificate issued to it on the line in question, or in the present operation of that line, except in trust for the Pioneer Transportation Company and Acker; that the Pioneer Transportation Company be decreed to be the owner of the right to operate the line, and that appellee be ordered to assign its certificate to the Pioneer Transportation Company and join in an application to the Commerce Commission for the approval of the same. In order to determine the issues under this bill it was necessary for the circuit court to consider and determine the contractual rights and the dealings between the parties. The Commerce Commission has exclusive jurisdiction to issue or refuse to issue certificates of convenience and necessity but does not have jurisdiction to adjudicate the contractual rights of the parties. In revoking the certificate issued to appellee and in issuing a certificate to appellant the commission necessarily heard evidence concerning the contractual relations and the dealings between the parties. The commission recognized the fact that if it was necessary,

in the decision of the case before the commission, to pass upon the equities between the parties, it would be right and proper for the commission to withhold its decision pending the final decree of the court. The finding then went on to recite that the certificate of May 7, 1925, was procured by fraud inspired by Falkenberg. This finding could only be based upon evidence relative to the contractual relations and the dealings between the parties. The intervening petition filed with the commission by the Pioneer Transportation Company, which was one of the complainants in the bill filed in the circuit court, alleged that the Pioneer Transportation Company was the equitable owner of the certificate of May 7, 1925, issued in the name of appellee; that the certificate had been procured in the name of appellee at the suggestion of Falkenberg, who was seeking to defraud Acker, the Kochs and the Pioneer Transportation Company out of the business they had developed. The questions of fraud, deceit, the equitable ownership of the certificate, who operated the line and who was entitled to operate it, were questions pending in the circuit court and depended for determination upon the evidence introduced. The court acquired prior jurisdiction, the Commerce Commission had no authority to adjudicate these questions, and it was in error in revoking the certificate to appellee and in issuing a certificate to appellant prior to the determination of the case pending in the circuit court.

The order of the circuit court setting aside the certificate granted to appellant was correct, and it will be affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Order affirmed.*