(No. 21016.—

THE CONSUMERS SANITARY COFFEE AND BUTTER STORES, Appellee, *vs.* THE COMMERCE COMMISSION *ex rel.* The Commonwealth Edison Company, Appellant.

*Opinion filed April 23, 1932—Rehearing denied June 16, 1932.*

ISHAM, LINCOLN & BEALE, (HARRY J. DUNBAUGH, and DAVID F. TABER, of counsel,) for appellant.

SIMS, STRANSKY, BREWER & POUST, (FRANKLIN J. STRANSKY, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The appellee, the Consumers Sanitary Coffee and Butter Stores, filed a complaint with the Illinois Commerce Commission attacking a rate of the appellant, the Commonwealth Edison Company, which rate is applicable only to small commercial light and power users and is known as rate "A2." The grounds of the complaint are, (1) that the rate provides for the furnishing of lamp service (electric light bulbs) as well as electric current under a single charge, and the Public Utilities act does not vest the Commerce Commission with power to regulate charges for articles of merchandise; (2) that the rate embodies a concealed charge of one-half of a cent per kilowatt hour for lamp service in violation of section 33 of the Public Utilities act; and (3) that if complainant had purchased lamps in the open market and its current from appellant during the preceding year it would have saved approximately $2600. The complaint prayed that appellant be ordered to discontinue such violations and to establish reasonable and just rates and charges free from discrimination and that reparation be made to complainant. Upon a hearing the commission made detailed findings against the contentions of appellee and entered an order denying the relief sought. On appeal to the circuit court of Cook county the order of the commission was reversed and the cause remanded for further proceedings. The circuit court found that rate "A2" (three cents per kilowatt hour for all electric current used in any month) includes a charge for lamp service; that appellee

could have purchased identical lamps in the open market at a saving of approximately $207 per month; that under rate "A2" consumers are unlawfully required to pay a lamp service charge based upon the quantity of current used not only for lighting but also for power, heat and refrigeration; that the electric energy utilized by such consumers for power, heat and refrigeration is a substantial and considerable amount of the current going through the meters; that rate "A2" is discriminatory against consumers in the same class, in violation of the Public Utilities act; that the combining of the charges for lamps and electrical energy under a single rate in effect compels the consumer to purchase from the utility company outright, or at least the use of, articles of merchandise which he has a right to purchase wherever he desires; that incandescent lamps do not constitute a necessary part of the facilities to be furnished in light and power service; that appellee is entitled to reparation in an amount equal to the difference between what it was compelled to pay for such lamp service and the price of the same lamps in the open market; that the findings of the commission were contrary to the evidence, and that its order is unreasonable and unlawful. The cause comes to this court by appeal from the order of the circuit court.

Appellant furnishes electric energy to approximately a million consumers, all of whom, except about 2500 of the largest ones, are served under rates which include the furnishing of incandescent lamps. Under a rate known as "A1" it furnishes electric current to dwelling houses and residential apartments. Rate "A2" applies to small commercial consumers operating stores, shops and industries. Rate "B" applies to small consumers who use current chiefly for power. Rate "C" applies to the largest consumers. Appellee is a consumer under rate "A2."

By section 10 of article 1 of the Public Utilities act (Cahill's Stat. 1931, chap. 111a, par. 25,) "the term 'pub-

lic utility' when used in this act, means and includes every corporation, company, association, joint stock company or association, firm, partnership or individual, * * * which * * * may own, control, operate, or manage, within the State, directly or indirectly, for public use, any plant, equipment or property used or to be used * * * for the production, storage, transmission, sale, delivery or furnishing of heat, cold, light, power, electricity or water." The statute is in derogation of the common law and nothing is to be read into it by intendment. Whether or not a public utility may deal in articles of merchandise and make a charge therefor is not an issue here. The question is whether, in fixing rate "A2" for such consumers as are embraced within its purview, a compulsory charge can be lawfully included for lamps—articles commonly found for sale in department stores, electrical supply stores and many other places where general merchandise is kept.

Appellant claims that furnishing lamps is a necessary incident and part of the furnishing of light, and that a charge for lamps may be properly included in the charge for current used for light. This claim is inconsistent with the language used in rate "A2." That rate is not based on the amount of electric current consumed for light but is based on the amount consumed for both light and power. Obviously, there is no direct relation between furnishing lamps for light and furnishing current for power. The charge for lamp service is included within the charge for current as ascertained at the meter, regardless of whether the current is used for power or light. It is apparent that rate "A-2" gives to appellant a practical monopoly of the lamp business among its consumers to the detriment of other dealers. Such monopoly is unlawful. *Hall* v. *Woods,* 325 Ill. 114.

Another reason for holding rate "A2" unlawful is, that even if a consumer should buy his lamps from a department store, he would nevertheless be compelled to pay appellant'

the lamp charge under rate "A2." This is an unreasonable provision and results in a violation of the consumer's right to purchase to his advantage and where he desires.

The lamp service charge was illegally combined with the energy charge. The amount of such illegal charge must be ascertained in order to determine what is due appellee from appellant by way of reparation under section 72 of the act concerning public utilities. (Cahill's Stat. 1931, chap. 111a, par. 91.) It should be definitely ascertained and fixed in the commission's order upon the rehearing of this cause.

The order of the circuit court in setting aside the order of the Commerce Commission and in remanding the cause to the commission for further proceedings is affirmed.

*Order affirmed.*