American Generator and Armature Company, Inc. et al., Appellants, v. Commonwealth Edison Company, Appellee.

Gen. No. 40,097.

Opinion filed January 11, 1939.  Rehearing denied February 6, 1939.

Shepard Andalman, of Chicago, for appellants; Shepard Andalman and Maxwell N. Andalman, of Chicago, of counsel.

Schnackenberg, Hansen & Towle and Isham, Lincoln & Beale, both of Chicago, for appellee; Elmer J. Schnackenberg, of counsel.

Mr. Presiding Justice Hall delivered the opinion of the court.

Plaintiff, the American Generator & Armature Co., Inc., together with a number of corporations and individuals, including the Atlantic India Rubber Works, Inc., filed a complaint and an amended complaint in the superior court of Cook county, in which it is claimed that the defendant had illegally, and without authority of law, charged the plaintiffs an excessive price for electrical energy for light and power purposes and for incandescent electric bulbs, or lamps. On October 14, 1937, upon defendant's motion, the complaint was ordered dismissed at plaintiffs' costs. Thereafter, on November 12, 1937, the court denied a petition to vacate the order of October 14, 1937. This is an appeal from the two orders, the one of October 14, 1937, dismissing the amended complaint and the order of November 12, 1937, just above referred to.

In brief, the charge of the plaintiffs is that the defendant, a public utility engaged in the business of selling electrical energy and lamps, in its charges for electrical energy under its rates ''A'' or ''A–2,'' had included and concealed within them a charge per kilowatt hour of electricity used, the sum of $.005 for lamp

service, which made the rates and practices in connection therewith, illegal; that proceedings had been instituted on September 25, 1925, before the State Utilities Commission to compel the cessation of the use of the illegal rates and practices and for reparations; that the commission had found against the petitioner in that case and that the cause was removed to the circuit court of Cook county, which, on June 26, 1931, reversed the commission's order; that a hearing on the matter was had before the circuit court of Cook county wherein the court found that the rate charged was illegal and entered a decree to that effect, which decree was affirmed by the Supreme Court in the case of *Consumers Sanitary Coffee & Butter Stores v. Commerce Commission,* 348 Ill. 615, but that in spite of such finding, the defendant persists in charging such illegal fees. They prayed for an injunction and an accounting.

In the motion to dismiss the complaint the defendant admits all the matters above stated, except the charge that it persists in making charges for electrical energy and lamps in violation of the order of the court, but on the other hand, in its motion to dismiss the complaint, allege,—and the facts set forth are not disputed,—that after the decision of the Supreme Court in the case above referred to, defendant filed a petition with the Illinois commerce commission asking for the approval of certain revised schedules, entitled Rates A, A 1 and A 2, and that the commission, after the taking of evidence, on November 23, 1932, entered an order reciting historically all the facts in reference to these rates; that the commission found from the evidence submitted that the actual cost of furnishing the lamp service about which the controversy here is had, was .15 of a cent per kilowatt hour; that this cost was determined by taking the amount paid by certain defendants for lamps, plus expense (including overhead) of storing, handling and delivering lamps to customers; that there

was next ascertained the number of kilowatt hours furnished by defendant to these customers receiving lamp service; that the expense of purchase, storage, handling and delivery of lamps was then divided by the number of kilowatt hours sold, and that the result gave the cost of .15 of a cent per kilowatt hour as the proper charge. It is also alleged in the motion to dismiss that accompanying the defendant's application were schedules setting forth the proposed revised rates to become effective December 1, 1932, and that after a hearing the commission directed that the revised rates should be permitted to go into effect on December 1, 1932, and that with every bill rendered to each customer, such customer was notified that the obtaining of lamp service was optional, and that where the customer elected not to take the lamp service, his charge would be reduced by .15 of a cent per kilowatt hour, and that the commission's order was further to the effect that nothing therein contained should be construed as in any way to prevent a further investigation and consideration of the charge made for lamp service or the fixing of the charge at a different amount than $.0015 per kilowatt hour. It is further set forth in the motion to dismiss that on February 29, 1936, the Atlantic India Rubber Works, a corporation and one of the plaintiffs here, filed a complaint with the Illinois commerce commission against the defendant, alleging that defendant was overcharging plaintiffs for lamp service at the rate of one-half cent per kilowatt hour of all electrical energy used for power purposes, that such charge was unfair, unjust, unreasonable and discriminatory and should be refunded, and prayed for an order to that effect, and that the complaint referred to is now and has been from the date of its filing, pending and undetermined before the Illinois commerce commission. No reason is given as to why the complaint has not been prosecuted.

It seems to be admitted by plaintiffs that the subject matter now pending before the Illinois commerce commission is the same subject matter as that involved in this proceeding. Plaintiffs insist, however, that the decision of the Supreme Court referred to "is binding upon the defendant for the benefit of the plaintiffs"; that "a violation thereof is subject to restraint"; that the circuit court had jurisdiction to enter the necessary restraining orders, and having taken jurisdiction would assess such damages and costs as might be determined to be due from the defendants. Defendant insists that the Illinois commerce commission has exclusive jurisdiction over the subject matter of the suit, that it has complied with the circuit court decree and the Supreme Court decision in the schedules filed with the commission above referred to, and by the approval by the commission of such schedules. It is not claimed that the new schedules are wrong.

We call attention to the following excerpts from the Public Utilities Act (Ill. Rev. Stat. 1937, ch. 111⅔, page 2472 [Jones Ill. Stats. Ann. 112.089, 112.090, 112.092, 112.093, 112.098]), with reference to the matters upon which plaintiffs predicate their complaint:

"Sec. 64. Complaint may be made . . . by any person or corporation . . . setting forth any act or things done or omitted to be done in violation, or claimed to be in violation, of any provision of this Act, or of any order or rule of the commission. . . .

"Sec. 65. . . . At the conclusion of such hearing the Commission shall make and render findings concerning the subject-matter and facts inquired into and enter its order based thereon. . . .

"Sec. 67. Anything in this Act to the contrary notwithstanding, the Commission may at any time, upon notice to the public utility affected, and after opportunity to be heard as provided in the case of complaints, rescind, alter or amend any rule, regulation, order or decision made by it. . . .

"Sec. 68. . . . When no appeal is taken from a rule, regulation, order or decision of the Commission, as herein provided, parties affected by such rule, regulation, order or decision, shall be deemed to have waived the right to have the merits of said controversy reviewed by a court and there shall be no trial of the merits of any controversy in which such rule, regulation, order or decision was made, by any court to which application may be made for a writ to enforce the same, or in any other judicial proceeding. . . .

"Sec. 72. When complaint has been made to the Commission concerning any rate or other charge of any public utility and the Commission has found, after a hearing, that the public utility has charged an excessive or unjustly discriminatory amount for its product, commodity or service, the Commission may order that the public utility make due reparation to the complainant therefor, with interest at the legal rate from the date of payment of such excessive or unjustly discriminatory amount. . . . The remedy provided in this section shall be cumulative, and in addition to any other remedy or remedies in this Act provided in case of failure of a public utility to obey a rule, regulation, order or decision of the Commission."

As we read the record here, the same question is here involved as was involved in the case of *Consumers Sanitary Coffee & Butter Stores v. Commerce Commission, supra,* and as we read the statute, plaintiffs' remedy is provided for thereby. In the *Consumers* case *supra,* in affirming the judgment of the circuit court of Cook county, the Supreme Court said:

"The lamp service charge was illegally combined with the energy charge. The amount of such illegal charge must be ascertained in order to determine what is due appellee from appellant by way of reparation under section 72 of the act concerning public utilities. (Cahill's Stat. 1931, chap. 111a, par. 91.) It should be

definitely ascertained and fixed in the commission's order upon the rehearing of this cause.

"The order of the circuit court in setting aside the order of the Commerce Commission and in remanding the cause to the commission for further proceedings is affirmed."

In *Great Northern Ry. Co. v. Merchants Elevator Co.,* 259 U. S. 285, the Supreme Court said:

"Whenever a rate, rule, or practice is attacked as unreasonable or as unjustly discriminatory, there must be preliminary resort to the Commission. Sometimes this is required because the function being exercised is in its nature administrative, in contradistinction to judicial. But, ordinarily the determining factor is not the character of the function, but the character of the controverted question and the nature of the inquiry necessary for its solution. To determine what rate, rule, or practice shall be deemed reasonable for the future is a legislative or administrative function. To determine whether a shipper has in the past been wronged by the exaction of an unreasonable or discriminatory rate is a judicial function. Preliminary resort to the Commission is required alike in the two classes of cases. It is required because the inquiry is essentially one of fact and of discretion in technical matters; and uniformity can be secured only if its determination is left to the Commission. Moreover, that determination is reached ordinarily upon voluminous and conflicting evidence, for the adequate appreciation of which acquaintance with many intricate facts of transportation is indispensable; and such acquaintance is commonly to be found only in a body of experts."

As we view the conclusion of our Supreme Court in the *Consumers* case, *supra,* that court, in effect, adopted the same rule as that adopted by the Supreme Court of the United States. We, therefore, hold that if plain-

tiffs have been wronged, as alleged, their remedy is provided for by statute, as suggested by the mandate in the *Consumers* case, and that insofar as the issues presented here are concerned, that remedy, at present, is exclusive. The judgment of the superior court of Cook county in dismissing the petition is, therefore, affirmed.

*Judgment affirmed.*

HEBEL and DENIS E. SULLIVAN, JJ., concur.