(No. 39905.—

PEORIA CHAPTER, NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION, INC., Appellant, *vs.* CENTRAL ILLINOIS LIGHT COMPANY AND THE ILLINOIS COMMERCE COMMISSION, Appellees.

*Opinion filed March 29, 1967.*

LEITER, NEWLIN, FRASER, PARKHURST & McCORD, of Peoria, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, (EDWARD G. FINNEGAN, Assistant Attorney General, of counsel,) for appellee Illinois Commerce Commission.

O'HERN, O'HERN & WOMBACHER, of Peoria, (CHARLES V. O'HERN, JR., of counsel,) for appellee Central Illinois Light Company.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The Peoria Chapter, National Electrical Contractors Association, Inc., hereafter petitioner, filed a complaint with the Illinois Commerce Commission against Central Illinois Light Company, hereafter CILCO, charging that a contract between CILCO and the Division of Highways of the Department of Public Works and Buildings of the State of Illinois violated various provisions of the Public Utilities Act (Ill. Rev. Stat. 1965, chap. 111⅔, pars. 1 *et seq.*), and the Illinois Purchasing Act (Ill. Rev. Stat. 1965, chap. 127, pars. 132.1 *et seq.*), and established an illegal monopoly. The complaint prayed that the commission declare the contract invalid and order CILCO to cease performance under it. After a hearing the commission denied the prayer

of the complaint. The circuit court affirmed and this direct appeal followed. We have jurisdiction under Rule 28—1. Ill. Rev. Stat. 1965, chap. 110, pars. 101.28—1.

The contract in question provides that CILCO will furnish electricity for all State-owned street lighting units within Highway District No. 4, (the Peoria area), and patrol and maintain the units, for a fixed annual charge per unit. Maintenance service does not include the initial installation of street lighting standards or the replacement of those that can no longer be repaired. The undisputed evidence is that in 1958 representatives of the Division of Highways requested CILCO to enter into a contract similar to its street lighting contract with the city of Peoria, for which rates were on file with the commission. The contract was entered into on July 1, 1959, and the rates pursuant to it were filed with the commission on August 11, 1959, and became effective September 11, 1959.

The petitioner contends that the maintenance and repair of highway lighting facilities is not authorized by CILCO's corporate charter, and is not a proper utility function. So far as CILCO's authority as a corporation is concerned, rendition of the services contemplated by the contract seems clearly to be "convenient" to the distribution of electrical energy, which its charter specifically authorizes. (Ill. Rev. Stat. 1965, chap. 32, par. 157.5.) The fact that CILCO's charter does not expressly mention this particular activity is therefore not controlling. And so far as the propriety of this kind of service by a public utility is concerned, the evidence showed that since 1853 CILCO and its predecessors had entered into contracts of this type with the city of Peoria. The petitioner would distinguish between the authority of a utility to enter into such a contract with a municipality and its authority to enter into a similar contract with an agency of the State. But the petitioner does not point out the relevance of the factual difference which it emphasizes. The authority of the Department over the

placement of utilities in highways does not appear to differ from that of municipalities with respect to their streets (Ill. Rev. Stat. 1965, chap. 121, par. 9—113), and we see no basis for the distinction that the petitioner urges.

Because the contract in question was entered into on July 1, 1959, and was not approved by the commission until August 11, 1959, the petitioner asserts that it is void because it violates section 27 of the Public Utilities Act. That section provides that unless the consent and approval of the commission is first obtained, no public utility may use any of its resources in any business or enterprise "which is not, prior to such use * * * essentially and directly connected with * * * the business of such public utility." (Ill. Rev. Stat. 1965, chap. 111⅔, par. 27.) From the uncontradicted evidence, however, the commission found that street lighting maintenance services "are a part of one of the oldest services rendered by [CILCO] as an electric public utility." We agree with the commission that the statute did not require prior approval of the contract.

The record does not support the petitioner's contention that the contract creates a monopoly and is therefore void as an unlawful restraint of trade. The situation differs from that which was before the court in *Consumers Sanitary Coffee and Butter Stores* v. *Commerce Commission,* 348 Ill. 615, upon which the petitioner relies. There the court held illegal a Commonwealth Edison rate which included a charge for light bulbs whether the consumers to whom the rate applied used electricity for light or power or both, and whether they obtained their light bulbs from Commonwealth Edison or elsewhere. In the present case, however, CILCO has not used its leverage from the control of the supply of electricity to monopolize the market for maintenance services. The Department was not required to contract with CILCO for maintenance of street lights in order to receive electricity. It could choose, as it did with respect to the maintenance of traffic signals, to make other arrange-

ments. There is no evidence that the unit rate, which the Department chose in preference to a metered rate, is unfair to the Department or to CILCO's other customers.

Finally the petitioner contends that the contract violates the competitive bidding requirements of the Illinois Purchasing Act. (Ill. Rev. Stat. 1965, chap. 127, pars. 132.1-132.12.) But the commission had no power to adjudicate the contractual rights between CILCO and the Department (see *Toledo, Peoria, and Western Railroad* v. *Brown*, 375 Ill. 438; *Midland Trail Bus Line Co.* v. *Staunton-Livingston Motor Transportation Co.* 336 Ill. 616), and in any event the applicability of the statute and its exceptions should not be determined in a proceeding to which the Department is not a party.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*